IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN ERNEST URBAN, | ) | CASE NO. 1:12 CV 1179 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security that denied Urban's applications for disability insurance benefits and supplemental security income.[1] The parties have consented to magistrate judge's jurisdiction.

Prior to filing an answer, the Commissioner has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the basis that Urban's action was filed after the 60-day limitations period applicable to this matter had expired.[2] Urban has responded to the Commissioner's motion,[3] and the Commissioner has replied.[4]

---

[1] ECF # 1.

[2] ECF # 10.

[3] ECF # 11.

[4] ECF # 12.

For the reasons given below, the Commissioner's motion will be granted and Urban's complaint will be dismissed as untimely.

## Facts

The relevant facts needed for resolution of the Commissioner's motion are not extensive nor are they disputed.

On November 16, 2010, an administrative law judge (ALJ) denied Urban's application for benefits, and Urban then appealed that decision to the Appeals Council.[5] On March 6, 2012, the Appeals Council notified Urban and his counsel that it was denying Urban's request to review the ALJ's decision, thus making the holding of the ALJ the final decision of the Commissioner.[6] Urban, represented by counsel, thereupon filed the present action for judicial review of that decision on May 14, 1012.[7]

The Commissioner maintains that under the applicable law affording 60 days to file for judicial review, Urban's filing, to be considered timely, needed to be filed on or before May 11, 2012, and not May 14, 2012, which is three days after the running of the limitations period.[8] In that regard, the Commissioner argues that Urban has not rebutted the statutory

---

[5] ECF # 10 at 1 (citing transcript).

[6] *Id.*

[7] ECF # 1.

[8] ECF # 10 at 4.

presumption that he actually received notice of the decision of the Appeals Council on March 12, 2012, or six days after the Appeals Council issued its decision on March 6, 2012.[9]

Urban, for his part, contends first in his complaint that he received notice of the decision of the Appeals Council on March 14, 2012, which is two days beyond the five-day presumption.[10] However, as the Commissioner states, this allegation in the complaint is not in the form of an affidavit or other evidence.[11] Moreover, the Commissioner further maintains that Urban's allegation in the complaint does not address the fact that the Appeals Council's decision was also sent to Urban's attorney, and that notice to counsel will be imputed to Urban.[12]

Urban in his response to the Commissioner's motion acknowledges the regulatory presumption that the notice was received on March 12, 2012.[13] He argues, however, that 60 days from March 12, 2012, was May 11, 2012, a Saturday.[14] As such, the complaint was timely filed, according to Urban, on the next business day, May 14, 2012.[15]

---

[9] *Id*. Because five calendar days after March 6 would have been March 11, a Sunday, the Commissioner observes that the date imputed to Urban for receipt would have been the next business day, or Monday, March 12, 2012.

[10] ECF # 1 at ¶ 9.

[11] ECF # 10 at 4-5.

[12] *Id.* at 5.

[13] ECF # 11 at 2-3.

[14] *Id.* at 2.

[15] *Id.* at 3.

The Commissioner, in his reply, notes that Urban is factually incorrect as to May 11, 2012 – the date the 60-day period expired – being a Saturday; it was, the Commissioner states, actually a Friday.[16] Thus, the Commissioner contends, Urban's defense that he filed within the time period as extended to the next business day rests on a factually incorrect premise and is thus unavailing.[17]

## Analysis

**A. Standards of review**

***1. Limitations period for judicial review of final decisions of the Commissioner of Social Security***

As the Supreme Court has stated, Congress may require that judicial review of administrative decisions take place according to prescribed conditions and procedures.[18] Thus, judicial review of final decisions of the Commissioner of Social Security must proceed according to the rubric set forth in 42 U.S.C. § 205(g), which provides in relevant part:

> Any individual, after a final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

---

[16] ECF # 12 at 1.

[17] *Id.* at 1-2.

[18] *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

This 60-day limitations period[19] provided by Congress in § 205(g) has been characterized by the Supreme Court as an appropriate means to "move millions of cases to speedy resolution in a bureaucracy that process millions of cases annually."[20] By regulation, a person is presumed to receive a mailed notice referred to in § 205(g) five days after the date appearing on the notice, unless the recipient overcomes the presumption by making a reasonable showing that actual receipt occurred later.[21] Moreover, notice will be imputed to a claimant when a claimant's attorney is aware of the decision of the Appeals Council.[22]

The Sixth Circuit teaches that failure to comply with the 60-day limitations period prescribed in § 205(g), even by as little as a single day, renders the matter liable to dismissal as untimely, provided that equitable tolling does not otherwise excuse the non-compliance.[23] In that regard, the Sixth Circuit recognizes that the five *Dunlap* factors are to be utilized in determining the appropriateness of equitably tolling the limitations period in § 205(g).[24]

---

[19] *See*, *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) (characterizing the 60-day period in § 205(g) as a statute of limitations); *accord*, *White v. Comm'r of Soc. Sec.*, 2002 WL 1316401, at *1, 37 F. App'x 197 (6th Cir. 2002) (unpublished opinion) (referring to 60-day period set forth in § 205(g) as a statute of limitations).

[20] *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

[21] 20 C.F.R. §§ 404.901, 422.210(c); *Harris v. Comm'r of Soc. Sec.*, 25 F. App'x 273, 273 (6th Cir. 2001).

[22] *See*, *Fenneken v. Comm'r of Soc. Sec.*, 2011 WL 4558308, at *3 (S.D. Ohio Sept. 30, 2011).

[23] *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007).

[24] *Id.* (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

*2. Summary judgment*

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[25] The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[26]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[27] Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.[28] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[29]

Summary judgment may be granted if a party who bears the burden of proof at trial establishes each essential element of his case.[30] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

---

[25] Fed. R. Civ. P. 56(c).

[26] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[27] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[28] *Id.* at 252.

[29] *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[30] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex*, 477 U.S. at 322).

evidence on which the jury could reasonably find for the plaintiff."[31] Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.[32]

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[33] The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."[34] "In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[35]

In sum, proper summary judgment analysis entails the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[36]

**B.  Application of standards – the Commissioner's motion should be granted and Urban's action for judicial review should be dismissed as untimely.**

As related above, Urban has neither advanced any basis for overcoming the statutory presumption that the 60-day limitations period in his case began on March 12, 2012, nor

---

[31] *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir. 2004) (quoting *Anderson*, 477 U.S. at 248-49).

[32] *Anderson*, 477 U.S. at 249-50 (citation omitted).

[33] *Id.* at 256.

[34] *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[35] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

[36] *Anderson*, 477 U.S. at 250.

credibly shown that the limitations period ended on a weekend and so should be advanced to the next business day. Further, Urban has neither asserted that equitable tolling applies here or advanced any facts that would support a finding that the limitations period should be equitably tolled under the standards set forth in *Dunlap v. United States*. Thus, I find that the limitations period in Urban's case did begin to run on March 12, 2012, thereby requiring that this present action be filed on or before May 11, 2012. Because this matter was not filed until May 14, 2012, I find it to be untimely and, therefore, dismissed.

## Conclusion

For the reasons stated, the Commissioner's motion for summary judgment is granted and, therefore, Urban's request for judicial review under 42 U.S.C. § 405(g) is dismissed as untimely.

IT IS SO ORDERED.

Dated: November 30, 2012          s/ William H. Baughman, Jr.
United States Magistrate Judge